IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR REVIEW OF DETENTION |
| vs. | |
| SYDNEY RHEES, | Case No. 2:10-CR-109 TS |
| Defendant. | |

This matter is before the Court on Defendant's Motion for Review of Detention.

Defendant was indicted on February 17, 2010, on one count of possession of child pornography

in violation of 18 U.S.C. § 2252A(a)(5)(B). The Magistrate Judge conducted a detention hearing

on February 16, 2010, and ordered Defendant be detained. The Magistrate Judge found that

Defendant constituted risk of non-appearance based on: significant family ties outside the state of

Utah, history of extensive international travel, unstable employment, mental health concerns, and

substance abuse issues.[1] The Magistrate Judge further found that Defendant was a danger to the

---

[1]Docket No. 10.

1

community based on: the nature and circumstance of the instant offense, the risk and danger he posed to children, the disturbing tapes and video found in defendant's possession, computer connections with adoption and foster care agencies, and a history of employment with youth-related employers.[2]

Defendant has now filed the instant Motion seeking review of the Magistrate Judge's detention order. The Court held a hearing on Defendant's Motion on May 10, 2010. For the reasons set forth below, the Court will deny the Motion.

## I. LEGAL STANDARD

The Court considers Defendant's request for a review of the Magistrate Judge's order detaining Defendant under 28 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1).[3] The Court conducts its own de novo review of the detention issue giving no deference to the Magistrate Judge's findings or conclusions.[4] In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the Magistrate Judge, including any exhibits.[5]

---

[2]*Id.*

[3]"Any party is entitled to appeal a magistrate judge's order releasing or detaining a defendant. . . ."

[4]DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F.Supp. 2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under subsection (a) of §3145 is de novo).

[5]*Lutz*, 207 F.Supp. at 1251.

In making its determination, this Court, like the Magistrate Judge, is governed by the standards set forth in 18 U.S.C. § 3142. Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[6]

At the hearing, the Court ruled that it could not find Defendant to be a flight risk. Therefore, the only remaining issue is whether Defendant poses a danger to the safety of any other person or the community. The government must prove dangerousness to any other person or to the community by clear and convincing evidence.[7] To determine whether there are conditions of release that will reasonably assure the safety of any other person and the community, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim . . .;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

---

[6] 18 U.S.C. § 3142(b),(c), and (e).

[7] *Cisneros*, 328 F.3d at 616.

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.[8]

## II. DISCUSSION

Considering these factors, the Court finds that are no conditions of release that will reasonably assure the safety of any other person and the community. First, Defendant is charged with a serious offense. Not only is the charged offense a serious one, the nature of the material Defendant is alleged to have possessed is extremely disturbing. Further, Defendant is charged with a violation of 18 U.S.C. § 2252A(a)(5), which is a crime of violence under 18 U.S.C. § 3142(f)(1)(A)[9] and involves a minor victim.

Second, the weight of the evidence is strong. The government proffered evidence at the May 10, 2010 hearing indicating that Defendant admitted that he possessed the material in question and that he had shared it with others. Defendant did not dispute this characterization at the hearing and is scheduled to change his plea on May 26, 2010.

Third, there are a number factors concerning the history and characteristics of Defendant which support detention. Chief among those factors are Defendant's mental health issues, his use of methamphetamine around the time of the offense, and the Court's concern that Defendant may seek to act upon his alleged "fantasies." The Court is also concerned with the statements Defendant made to the citizen informant that Defendant was molesting two young boys and that he was interested in adopting a child to molest the child from birth. While Defendant suggests

---

[8] 18 U.S.C. § 3142(g).

[9] *See* 18 U.S.C. § 3156(a)(4).

that these statements were mere "dirty talk," the Court remains concerned with these statements. Finally, the Court is concerned with Defendant's youth-related employment.

Fourth, the Court finds that Defendant poses a danger to any person or the community if released. As set forth above, there are serious concerns about Defendant's mental health and substance abuse, and additional concerns that Defendant may seek to act upon his alleged fantasies. All of these factors reflect a concern that Defendant poses a danger to any person or the community if released.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Review of Detention (Docket No. 26) is DENIED.  It is further

ORDERED that Defendant shall be DETAINED pending trial.

DATED   May 10, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge